IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raygina Fox,<br><br>        Plaintiff,<br><br>    v.<br><br>Progressive Casualty Insurance Company,<br><br>        Defendant.<br>_____ | 2:11-cv-01127-GEB-CKD<br><br><u>ORDER DENYING PLAINTIFF'S EX PARTE REQUEST TO EXTEND REBUTTAL EXPERT DISCLOSURE DEADLINE</u> |

        On June 5, 2012, Plaintiff filed an *ex parte* request for a ten (10) day extension to disclose a rebuttal insurance claims expert. (ECF No. 14.) In support of the request, Plaintiff's counsel declares in relevant part as follows:

> 3.   Defendant disclosed an insurance claims expert.
>
> 4.   I have forwarded monies and the claim file to Insurance Claims Expert Kevin Dawson.
>
> 5.   He has informed me that he will not be able to generate an opinion today, and June 7, 2012 is the disclosure date for our rebuttal expert. I am looking for actively looking for another expert, and meeting today with Insurance Expert Clint Miller.
>
> 6.   I have contacted defense counsel, and requested an extension, and he, I'm told by his staff, is in deposition. I have also emailed him as well, and not received a reply.
>
> 7.   I request a 10-day extension to respond. The parties recently stipulated to an extension on discovery, and Defendant just recently provided

additional discovery responses. The trial is not till 2013.

Id. at ¶¶ 3-7.[1]

Plaintiff's counsel's conclusory averments do not show "circumstances . . . justify[ing] the issuance of an order [on shortened] time" as required by E.D. Cal. R. 144(e). Further, Plaintiff's counsel has not "satisfactor[ily] expla[ined] . . . [his] failure . . . to obtain a stipulation for the issuance of such an order from other counsel[.]" Here, it is unclear precisely when Plaintiff's counsel sought the referenced stipulation, and whether Defendant's counsel was provided sufficient time to respond. For the stated reasons, Plaintiff's *ex parte* request is denied.

Dated: June 6, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Although Plaintiff's counsel states "June 7, 2012 is the disclosure date for [Plaintiff's] rebuttal expert[,]" the August 3, 2011 Status (Pretrial Scheduling) Order prescribes that "[e]ach party shall comply with . . . any contradictory and/or rebuttal expert disclosure . . . on or before May 15, 2012." (ECF No. 11, 2:9-13.)